**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Miranda,                     ) | No. CV-04-462-PHX-LOA |
|            Plaintiff,               ) | **ORDER** |
| vs.                                  ) | |
| JoAnne Barnhart, Commissioner of the ) Social Security Administration       ) | |
|            Defendant.               ) | |

This matter arises on Plaintiff's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) and amended Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b). (Docs. 39, 42.) Defendant has no objection to the fee requested. (Docs. 44, 46.)

**BACKGROUND**

On September 13, 2001, Plaintiff applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. (Doc. 46 at 3.) The agency denied the applications both initially and on reconsideration. (Id.) An administrative law judge held a hearing on June 9, 2003, but subsequently denied Plaintiff's applications. (Id.) The Appeals Council denied Plaintiff's request for review, making the administrative law judge's decision the final decision of the Commissioner. (Id.) Plaintiff then filed a complaint in this Court seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) with the assistance of attorney Mark Caldwell. (Id.)

Plaintiff entered a contingency fee agreement with Mr. Caldwell. (Doc. 42.) Plaintiff agreed to pay his attorney, Mr. Caldwell, up to 25% of his past-due benefits if he received a favorable judgment from the Court, or, if the Court remanded the case, a favorable decision from the Commissioner. (Id.)

This Court granted summary judgment in favor of Plaintiff and denied Defendant's motion for summary judgment. (Doc. 26.) The Court then remanded the case to the Commissioner for a determination of benefits. (Id.) The Commissioner subsequently issued "Notice of Award" letters to Plaintiff and his dependents. (Doc. 46 at 4.) The Commissioner indicated that a total of $18,055.25 (25% of the amount of past due benefits) would be withheld for payment of attorney's fees (Doc. 42.) Thereafter, this Court granted a stipulation to an Award of Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, whereby Defendant agreed to pay Plaintiff's counsel $5,469.61 in attorney fees. (Doc. 37.)

Plaintiff's counsel now seeks an award of attorney's fees equal to the amount remaining after the Equal Access to Justice offset, $12,585.64 ($18,055.25 - $5,469.61), and further requests that any amount remaining after award of § 406(b) attorney fees be refunded directly to Plaintiff. (Doc. 42 at 4.)

In the pending motion, Plaintiff's counsel states that he spent 36.0 hours on this case. (Doc. 42 at 8.) Counsel has practiced law in Arizona for over 25 years and for all but his first two years of practice, he has worked almost exclusively in the area of Social Security disability law. (Id. at 9.) Counsel does not have an hourly rate because Social Security cases are only accepted on a contingency basis. However, a rate study indicates that the median hourly billing rate for an attorney with similar experience in this region is $225.00. Altman & Weil, Small Firm Economic Survey (2002) at 52.

**APPLICABLE LAW AND ANALYSIS**

42 U.S.C. § 406(b) provides that "[W]henever a court renders a judgement favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgement a reasonable fee for such representation, not to exceed 25 percent of the total of the past-due benefits to which claimant

1 is entitled." The attorney's fees are payable from funds withheld from a claimant's past-due
2 disability benefits by the Social Security Administration for work performed by claimant's
3 counsel before the district court on a claim for Title XVI benefits. In Gisbrecht v. Barnhart, 535
4 U.S. 789, 795 (2002), the Supreme Court held that § 406(b) "does not displace contingent-fee
5 agreements as the primary means by which fees are set for successfully representing Social
6 Security benefits claimants in court. Rather, § 406(b) calls for court review of such
7 arrangements . . . to assure that they yield reasonable results in particular cases." Id. at 807. So
8 long as the contingency ee does not exceed 25% of the past-due benefits, "the attorney for the
9 successful claimant must [merely] show that the fee sought is reasonable for the services
10 rendered." Id.

11 In determining whether fees sought under § 406(b) are reasonable, the Court
12 considers the character of the attorney's representation and the results achieved. Id. at 808. The
13 Court may also consider whether Plaintiff's counsel is responsible for delay, so as to prevent the
14 attorney from profiting from accumulating benefits while the case is pending in court, or, the
15 Court may adjust attorney's fees when the "benefits are large in comparison to the amount of
16 time counsel spent on the case . . . ." Id. In determining the reasonableness of attorney's fees,
17 the Court may also consider the number of hours spent representing the claimant and the
18 lawyer's normal hourly billing rate for non-contingent-fee cases. Id.

19 "Since Gisbrecht . . . the district courts have been deferential to the terms of
20 contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates
21 may exceed those for non contingency-fee arrangements." Hearn v. Barnhart, 262 F.Supp. 2d
22 1033, 1037 (N.D. Cal. 2003). Courts have approved attorney's fee awards under § 406(b) up
23 to an effective hourly rate of $1,433. Yarnevic v. Apfel, 259 F.Supp. 2d 1363, 1365 (N.D. Ga.
24 2005) (discussing effective hourly rates in social security cases). Here, taking into account the
25 EAJA offset, counsel seeks an effective hourly rate of $501.53.[1] There is no evidence in the

---

[1] The calculation to determine effective hourly rate is the total fee requested divided by hours spent on the case. Roark v. Barnhardt, 221 F.Supp. 2d 1020 (W.D. Mo. 2002) (where fee requested was $6,576.00, but the court used $9,147.50, the total fee requested including EAJA

1  record suggesting that this amount should be reduced. There is no evidence that counsel
2  contributed to any delay in an attempt to accrue a higher amount of past-due benefits.

3  Additionally, after the EAJA offset, the requested fee represents less than 25%
4  of Plaintiff's past-due benefit award, which is below the statutory maximum and is reasonable
5  in view of the nature of this case and counsel's representation. Counsel spent 36.0 hours on this
6  litigation. (Doc. 42 at 8.) With the assistance of counsel, as a result of this litigation, Plaintiff
7  was awarded not only past-due benefits for himself and his dependents back to November 2000,
8  but also ongoing benefits to himself and his dependents if his disability continues. (Doc. 42.)
9  Thus, the value to Plaintiff of this litigation exceeds the amount of past-due benefits.

10  Moreover, an attorney may not charge any fees where representation does not
11  result in an award of benefits. 42 U.S.C. § 406(b)(1)(A), § 1383(d)(2). Civil actions for Social
12  Security disability benefits have a high risk of loss. In 2004, federal courts found plaintiffs
13  entitled to benefits in only 6 % of the cases. See <u>Disability Determinations and Appeals</u>, Fiscal
14  Year 2004, Office of Disability Programs, January 2005, *reprinted in* <u>National Organization of
15  Social Security Claimant's Representatives</u>, Forum 23, Vol. 27, No. 4 (April 2005).
16  Accordingly, reliance on a non-contingent rate without considering the risk of loss and the
17  contingent nature of § 406(b) fees would undercompensate counsel. <u>Hearn</u>, 262 F.Supp.2d at
18  1037. A contingent-fee agreement places the risk of loss on counsel and Plaintiff's case had a
19  substantial risk of loss.

20  **CONCLUSION**

21  The requested attorney's fees are reasonable under <u>Gisbrecht</u> and nothing in
22  the record suggests that the fees should be reduced.
23  Accordingly,
24  **IT IS HEREBY ORDERED** that Plaintiff's Motion for an Award of Attorney
25  Fees under 42 U.S.C. § 406(b) (Doc. 42) is **GRANTED** in the amount of $12,585.64 and

---

28  awards already granted, to calculate effective hourly rate). In this case, the calculation is $18,055.25 (the total amount counsel is requesting) divided by 36.0 hours.

1 shall be promptly paid out of the monies withheld by the Commissioner from Mr. Miranda's
2 benefits.

3 **IT IS FURTHER ORDERED** that all monies remaining after payment of
4 Plaintiff's attorney's fees in accordance with this Order that were withheld for payment of
5 attorney's fees shall be promptly refunded directly to Plaintiff.

6 DATED this 13th day of July, 2006.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge